**686-19/DJF**
Daniel J. Fitzgerald, Esq.
Adam E. Deitz, Esq.
FREEHILL HOGAN & MAHAR, LLP
80 Pine Street
New York, New York 10005
Tel: (212) 425-1900
Fax: (212) 425-1901
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN THE MATTER OF THE COMPLAINT OF

JJ AUDUBON, LLC, and HORNBLOWER
NEW YORK, LLC

AS OWNERS AND OPERATORS OF THE
M/V JOHN JAMES AUDUBON

**20-cv-_____**

**COMPLAINT**

---

Pursuant to 46 U.S.C. §§ 30511 and Rule F of the Supplemental Rules for Admiralty and

Maritime Claims, and by its undersigned attorneys, Plaintiffs JJ Audubon, LLC and Hornblower

New York, LLC, as owner and operator, respectively, of the M/V JOHN JAMES AUDUBON

(O/N 646195) (the "Vessel") alleges as follows for their Complaint for exoneration from or

limitation of liability pursuant to 46 U.S.C. §§ 30501, et. seq.:

## JURISDICTION & VENUE

1.      This is a case of admiralty and maritime jurisdiction within the meaning of 28

U.S.C. §1333, Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental

Rules for Certain Admiralty and Maritime Claims, and 46 U.S.C. § 30511, as hereinafter more

fully appears.

2.      Venue is proper in this Court pursuant to Supplemental Admiralty Rule F(9)

because, at the time of filing this Complaint, the Vessel is located within the district and Tasia

518974.1

Medina has filed suit within the district for her alleged injury, styled *Tasia Medina v. Hornblower New York, LLC, et al.*, Supreme Court of the State of New York, County of New York, Index No. 150780/2020.

3.      This Complaint is filed within six months from the date of the subject casualty and hence is timely filed in accordance with 46 U.S.C. § 30511 and Supplemental Admiralty Rule F(1).

## PARTIES

4.      At all relevant times herein, Plaintiff JJ Audubon was a corporation duly organized and existing under the laws of Delaware.  At all relevant times, JJ Audubon, LLC was the owner of M/V JOHN JAMES AUDUBON.

5.      At all relevant times herein, Plaintiff Hornblower New York, LLC was a corporation duly organized and existing under the laws of New York.  At all relevant times, Hornblower New York, LLC was the operator of M/V JOHN JAMES AUDUBON.

6.      The Vessel, O/N 646195, is and was at all relevant times a U.S.-flagged, self-propelled small passenger vessel and was engaged in the carriage of passengers for hire.

7.      Prior to and all times hereinafter described, Plaintiffs exercised due diligence to make and maintain the Vessel in all respects seaworthy, and the Vessel was, in fact, tight, staunch, strong, and fully and properly manned, equipped and supplied, and in all respects fit and proper for the service in which it was engaged at the time of the incident described herein.

## THE SUBJECT VOYAGE

8.      On or about August 6, 2019, while underway in New York Harbor on a charter cruise, it is alleged that passenger Tasia Medina was caused to slip, trip, or otherwise fall to the

ground and suffer a personal injury aboard the Vessel on the navigable waters of the U.S. (the "Casualty").

9.      Tasia Medina alleges that her injury was caused by the negligence, carelessness, and/or recklessness of the Plaintiffs in operation of the Vessel.

10.     As of the date of filing this Complaint, Tasia Medina has filed suit for her alleged injury, styled *Tasia Medina v. Hornblower New York, LLC, et al.*, Supreme Court of the State of New York, County of New York, Index No. 150780/2020.

11.     Based upon the investigation to date, Plaintiffs are aware of no defect with the Vessel or its operation that caused or contributed to Tasia Medina's alleged injury.  The Vessel was tight, staunch, strong, and fully and properly manned, equipped and supplied, and in all respects fit and proper for the service in which it was engaged at the time of the incident described herein.

### REQUEST FOR EXONERATION FROM OR LIMITATION OF LIABILITY

12.     Plaintiffs deny that the Vessel, Plaintiffs, or anyone for whom Plaintiffs are responsible caused or contributed to Tasia Medina's alleged injury.

13.     The alleged injury, if any, was caused, done, occasioned, and/or incurred without the privity or knowledge of Plaintiffs or anyone from whom Plaintiffs are responsible at or before the commencement of, or during, the voyage upon which the Vessel was engaged at the time.

14.     The total amount of the claims which have been made or which may in the future be made against Plaintiffs or the Vessel is not presently known; but suit in this matter has been initiated (*Tasia Medina v. Hornblower New York, LLC, et al.*, Supreme Court of the State of New York, County of New York, Index No. 150780/2020) and Plaintiffs reasonably anticipate

and believe that such suit will seek an amount exceeding the total for which Plaintiffs and the Vessel may be legally responsible pursuant to 46 U.S.C. §§ 30501, et seq., Rule F.

15.    There are no demands, unsatisfied claims of liens, or liens against the Vessel arising out of the voyage hereinafter described, and no claims or suits pending thereon, so far as is presently known to Plaintiffs, except as outlined herein.

16.    The fair market value of the Vessel at the time of the Casualty is estimated to be U.S. $800,000.00 as set forth in the accompanying Declaration of David Tantrum.

17.    The amount of "pending freight" on the subject voyage is $2,000.00 as set forth in the accompanying Declaration of David Tantrum.

18.    Therefore, pursuant to 46 U.S.C. §§ 30505 & 30511, Plaintiffs have calculated the post-casualty value of the Vessel and pending freight to be $802,000.00.

19.    Plaintiffs accordingly have deposited with the Court, as security for the benefit of all potential claimants, an Ad Interim Stipulation for Value/ Letter of Undertaking in the sum of U.S. $802,000.00, plus interest at the rate of six (6%) percent per annum from the date of said stipulation.

20.    Plaintiffs have also deposited with the Court, as security for costs and pursuant to Supplemental Admiralty Rule F(1), a Stipulation for Costs in the amount of $500.

21.    Plaintiffs, as owner and operator of the Vessel, specifically claim that they, the Vessel, and anyone for whom Plaintiffs are responsible are not liable for any injury or loss alleged by Tasia Medina in connection with the aforesaid Casualty, or done, occasioned, or incurred on the aforesaid voyage on which the Casualty occurred, and with respect to any and all claims therefore or relating thereto, there are valid defenses on the facts and on the law, none of which is waived as a result of this filing.

22.     Alternatively, Plaintiffs, without admitting but denying liability, expressly claim the benefit of limitation of liability as provided for in 46 U.S.C. §§30505, 30511, and the various statutes supplemental thereto and amendatory thereof. Accordingly, if either of the Plaintiffs or the Vessel is determined to be liable and the amount or value of Plaintiffs' interest for limitation purposes in the Vessel and pending freight is not sufficient to pay all claimants, then claimant(s) shall then share pro rata in the aforesaid sum, saving to them any rights of priority they may have.

23.     Plaintiffs reserve the right to assert any claims or defenses in response to any claim that is asserted in these proceedings.

**WHEREFORE**, Plaintiffs respectfully pray that:

a)      This Court approve the above-described Ad Interim Stipulation for Value/ Letter of Undertaking as sufficient security for the amount or value of Plaintiffs' interest for limitation purposes in the Vessel and pending freight and approve Plaintiffs' Stipulation for Costs as sufficient security for costs in accordance with Rule F(1);

b)      This Court issue notice pursuant to Supplemental Rule F(4) to any and all persons asserting claims with respect to which the Complaint seeks exoneration from or limitation of liability notifying such persons to file their respective claims with the Clerk of this Court and to serve on the attorneys for Plaintiffs a copy thereof on or before a date to be named in the notice, and that if any such claimants desire to contest Plaintiffs' assertion that it is not liable, or its right to limitation of liability, each such claimant shall also file and serve on the attorneys for Plaintiffs an answer to the Complaint on or before the said date, unless the claim has included an answer, so designated;

c)      In accordance with 46 U.S.C. § 30511 and Supplemental Rule F(3), this Court enjoin the further prosecution of any and all actions, suits, or proceedings already commenced as well as the commencement or prosecution of any and all future actions, suits, or proceedings, of any nature or description whatsoever in any jurisdiction, against Plaintiffs; the M/V JOHN JAMES AUDUBON; the agents, representatives, employees, or insurers of Plaintiffs; and/or against any property of Plaintiffs; except in this action, to recover damages for or with respect to injury, loss, and damage caused by or resulting from the aforesaid Casualty, or with respect to injury, loss, and damage caused, done, occasioned, or incurred on the voyage described in the Complaint.

d)      This Court adjudge that Plaintiffs, the Vessel and anyone for whom Plaintiffs are responsible is not liable and is exonerated with respect to any injury, loss, or damage arising from this Casualty; and that, in the alternative, if any such liability be adjudged, that such liability be limited to a maximum of the amount or value of Plaintiffs' interest in the Vessel and pending freight;

e)      Plaintiffs have such other, further, or different relief as may be just.

Dated: New York, New York
       February 3, 2020

Respectfully submitted,

*Daniel Fitzgerald*

FREEHILL HOGAN & MAHAR, LLP
Daniel J. Fitzgerald, Esq.
Adam E. Deitz, Esq.
80 Pine Street, 25th Floor
New York, NY 10005-1759
Tel: (212) 425-1900
Fax: (212) 425-1901
*Attorneys for Plaintiffs*